# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                         14-69-SDD-EWD

WILBERT MATHES

## RULING

This matter is before the Court on the *Motion for Compassionate Release*[1] filed by Defendant, Wilbert Mathes ("Mathes").  The Government has filed an *Opposition*[2] to this motion, to which Mathes filed a *Reply*.[3]  For the following reasons, Mathes' motion shall be denied.

## I.    BACKGROUND

Mathes is currently incarcerated at FCI Oakdale I following his convictions at trial of numerous drug offenses.  Mathes' projected release date is June 21, 2037.[5]  Mathes' Pre-Sentence Report ("PSR") recounted the evidence presented at trial that he ran a large-scale cocaine distribution network from August 2010 to July 2011,[6] during which time the organization received and distributed, or intended to distribute, 35 kilograms of cocaine and one kilogram of crack.[17]

---

[1] Rec. Doc. No. 546.
[2] Rec. Doc. No. 555.
[3] Rec. Doc. No. 558.
[5] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[6] Rec. Doc. No. 394, ¶¶ 1, 21-23, 26-27, 69.
[17] *Id.* at ¶ 58.

Based on Mathes' significant criminal history, the drug trafficking conduct for which he was convicted at trial, his leadership role in the organization, and the amount of drugs involved, Mathes' recommended sentencing guidelines range was 324 to 405 months imprisonment.[18]   Mathes received a low-end guidelines sentence of 324 months.[19]  Further, Mathes' convictions were affirmed on appeal.[20]

Mathes now moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), claiming that "the COVID-19 disaster and its deadly impact on FCI Oakdale I" along with his "heightened risk of complications due to his age, gender, ethnicity and health" amount to "extraordinary and compelling" reasons to reduce his sentence.[21]   Mathes contends he is a "lifelong asthmatic, recently treated for sinus related ear infections, conditions which place him at greater risk."[22]  He also argues that the sentencing factors in 18 U.S.C. § 3553 support his release because his offense was non-violent, he poses a low risk of recidivism due to his age and leadership role in the conspiracy, and he is committed to rehabilitation.[23]  Mathes claims that, if released, he will reside with his aunt in Baton Rouge, Louisiana, who will ensure that he has medical insurance and whose home is large enough for him to safely quarantine upon release.[24]

The Government opposes Mathes' motion, arguing that his health issues do not constitute extraordinary and compelling reasons under the First Step Act for a reduction in sentence, and he has failed to demonstrate that the Section 3553(a) factors support

---

[18] Sentencing Transcript, p. 50.
[19] *Id.* at 57.
[20] *United States v. Mathes*, 742 F. App'x 884 (5th Cir. 2018) (*per curiam*).
[21] Rec. Doc. No. 546-1 at 2.
[22] *Id.*
[23] *Id.* at 36-38.
[24] Rec. Doc. No. 558, pp.2-3.

his release.

## II.    LAW AND ANALYSIS

### A.  Exhaustion of Remedies

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by

the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not
> modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon
> motion of the defendant **after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to
> bring a motion on the defendant's behalf or the lapse of 30 days from
> the receipt of such a request by the warden of the defendant's facility,
> whichever is earlier**, may reduce the term of imprisonment (and may
> impose a term of probation or supervised release with or without conditions
> that does not exceed the unserved portion of the original term of
> imprisonment), after considering the factors set forth in section 3553(a) to
> the extent that they are applicable, if it finds that— (i) extraordinary and
> compelling reasons warrant such a reduction...
>
> and that such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission....

There is no dispute that Mathes has exhausted his administrative remedies under

the First Step Act, and his motion is ripe for review.  The Bureau of Prisons (BOP) has

confirmed that, on April 8, 2020, Mathes submitted a request that the warden "bring a

motion on the defendant's behalf" as required by 18 U.S.C. § 3582(c)(1)(A). The request

was subsequently denied by the warden. Because 30 days have elapsed since the

request was received by the warden, it is undisputed that Mathes has exhausted his

administrative remedies as required by the statute.

**B. Extraordinary and Compelling Reasons**

28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.

The Sentencing Guidelines policy statement appears at § 1B1.13 and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Additionally, in application note 1 to the policy statement, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. The note provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). **A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required**. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the

defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.[27]

The Court finds that Mathes has failed to present evidence of extraordinary and compelling reasons to justify his requested relief. Mathes has presented no evidence that he is terminally ill; is suffering from a serious physical or medical condition; is suffering from a serious functional or cognitive impairment; is experiencing deteriorating physical or mental health because of the aging process; or is experiencing dire family circumstances."[28] However, the Court acknowledges that, if an inmate has a chronic medical condition that has been identified by the Centers for Disease Control and Prevention ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons"

---

[27] *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)(emphasis added).
[28] *See United States v. Clark*, 2020 WL 1557397, *4 (M.D. La. Apr. 1, 2020).

where such a condition is found to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19.[29]

Mathes contends he is at a heightened risk to contract COVID-19 because he has asthma and is a 44-year-old African American male housed at Oakdale, a prison which has inarguably been a hotspot for the virus. Indeed, the CDC has listed moderate to severe asthma as a condition that might result in an increased risk of contracting COVID-19.[30] However, while Mathes presents news articles and general opinion documents from purported medical and prison experts around the country regarding the risk of COVID-19 in prison settings,[31] Mathes has not offered a single medical record confirming his purported medical condition or establishing that it is of such nature that it is not being adequately treated and managed by the BOP.[32] Additionally, at 44 years old, Mathes' age does not place him at an increased risk as the CDC lists being aged 65 and older as the risk factor.[33] Further, this Court has rejected similar "fear of contracting" arguments, in cases where actual medical evidence was provided, in *United States v. Clark*[35] and *United States v. Alexander*.[36] Indeed, "[t]he Court cannot release

---

[29] *See* U.S.S.G. § 1B1.13, comment. (n.1(A)(ii)(I)).

[30] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?

[31] *See* Rec. Doc. No. 562.

[32] Although Mathes' PSR indicated that he suffered from asthma, the PSR also indicated this claim was unverified. *See* Rec. Doc. No. 394, ¶ 92.

[33] *See* Centers for Disease Control, "At Risk for Severe Illness," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited May 18, 2020) (identifying only moderate to severe asthma as being a risk factor).

[35] 2020 WL 1557397, *4-*5 (citing *United States v. Gileno*, 2020 WL 1307108 (D. Conn. Mar. 19, 2020); *United States v. Eberhart*, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020)).

[36] 2020 WL 2468773 (M.D. La. May 13, 2020).

every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner."[37]

The Court also acknowledges the effects of COVID-19 pandemic and the heightened risk at the Oakdale facilities. However, the Government presented evidence of significant efforts being undertaken at Oakdale to respond to the pandemic and to identify inmates eligible for release[42] pursuant to Attorney General William Barr's memorandum instructing the BOP to maximize transfer to home confinement "all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated BOP facilities where COVID-19 is materially affecting operations."[43]    The Government also maintains that, while incarcerated, Mathes has access to medical care, screening, and sanitation supplies, and his "community is now relatively virus-free."[44]

Even if Mathes had provided medical documentation to support his claims, the Court finds that he has failed to demonstrate that he would not pose a danger to the community if released. Although Mathes argues his crime was non-violent[45] and he has been identified as having a low risk of recidivism,[46] these claims are readily undermined by Mathes' criminal history as documented by his PSR.[47]  Indeed, the PSR demonstrates that Mathes has a long and violent criminal history, including convictions and juvenile adjudications for attempted second degree murder, illegal use of a weapon, and first degree robbery. Mathes' history reveals his propensity to swiftly return criminal activity

---

[37] *United States v. Wright*, 2020 WL 1976828, *5 (W.D. La. Apr. 24, 2020).

[42] *See* Rec. Doc. No. 555-1.

[43] *See* Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited 4/20/2020).

[44] Rec. Doc. No. 555, p. 20.

[45] Rec. Doc. No. 546-1, p. 31.

[46] Rec. Doc. No. 558-1, p. 3.

[47] Rec. Doc. No. 394.

after being released from confinement. The drug trafficking operation offense for which he is currently incarcerated was in operation within three months of being released on parole from his marijuana conviction. Likewise, the marijuana offense was committed while on parole for a robbery offense, which was committed while on parole for illegal use of a weapon. These reasons supported Mathes' detention pending trial after failing to rebut the presumption that "no condition will reasonably assure the defendant's appearance and the safety of the community."[48] Notably, the factors that this Court must consider in determining whether Mathes is dangerous on the present motion are the same as those relevant to the pre-trial detention decision,[49] and nothing presented by Mathes on this motion alters this determination. For the same reasons, the Court finds that the sentencing factors set forth in 18 U.S.C. § 3553(a), "to the extent that they are applicable,"[53] weigh heavily against releasing Mathes because even an eligible defendant may be denied release based on, *inter alia*, his criminal history and the seriousness of his crimes.[54]

Accordingly, Mathes' *Motion for Compassionate Release*[55] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 16, 2020</u>.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. No. 44, p. 2.
[49] *See* U.S.S.G. § 1B1.13 (2); 18 U.S.C. § 3142(g).
[53] *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (affirming denial of compassionate release despite defendant's eligibility); 18 U.S.C. § 3582(c)(1)(A); U.S.S.G § 1B1.13, p.s.
[54] *Id.* at 693-694.
[55] Rec. Doc. No. 546.