## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                               14-69-SDD-EWD

WILBERT MATHES                          **RULING**

This matter is before the Court on the *Motion to Vacate under 28 U.S.C. 2255*[1] and *Motion to Expand the Record*[2] filed by Defendant, Wilbert Mathes ("Defendant"). The Government has filed an *Opposition*[3] to the Section 2255 motion. The Defendant contends he was denied effective assistance of counsel, specifically because counsel failed to appeal the Court's adoption of the Presentence Investigation Report's ("PSR") drug quantity attributed to Defendant and application of a leadership enhancement. For the reasons set forth below, the *Motion to Expand the Record* shall be granted, but the *Motion to Vacate* shall be denied.

## I.    BACKGROUND FACTS

On June 12, 2014, the Defendant, Wilbert Mathes, along with seven others, was charged by Indictment with conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count 1); distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2 and 3); possession with the

---

[1] Rec. Doc. No. 506.
[2] Rec. Doc. No. 507.
[3] Rec. Doc. No. 516.

intent to distribute five hundred (500) grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 5); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 7); and unlawful use of communications facilities in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Counts 11, 15, 16).[4] A jury trial was held from September 19, through September 22, 2016 which resulted in guilty verdicts on Counts 1, 2, 3, 5, 11, 15, and 16.[5] The Defendant subsequently filed a *Motion for Judgment of Acquittal or, Alternatively, for a New Trial*,[6] which the Court denied on January 10, 2017.[7]

The PSR was filed into the record on March 10, 2017.[8] The United States Probation Office ("USPO") filed *Addendums* to the PSR in March 27, 2017,[9] and May 23, 2017.[10] The Defendant filed *Objections and Responses*[11] to the Government's *Notice of Sentencing Enhancement*[12] on June 6, 2017, stating that a prior Texas conviction used to enhance Defendant's sentence was not sufficient for that purpose. The Defendant also filed a *Sentencing Memorandum* on May 23, 2017,[13] objecting to the drug calculations and leadership enhancement in the PSR. The USPO filed a *Supplemental Addendum* to the PSR on June 1, 2017, addressing those objections.[14]

On June 20, 2017, the Defendant was sentenced to 324 months imprisonment on Counts 1, 2, 3, and 5, and 48 months on Counts 11, 15, and 16, to run concurrently for a

---

[4] Rec. Doc. No. 1.
[5] Rec. Doc. No. 372.
[6] Rec. Doc. No. 375.
[7] Rec. Doc. No. 389.
[8] Rec. Doc. No. 394.
[9] Rec. Doc. No. 396.
[10] Rec. Doc. No. 407.
[11] Rec. Doc. No. 413.
[12] Rec. Doc. No. 330.
[13] Rec. Doc. No. 408.
[14] Rec. Doc. No. 412.

total of 324 months imprisonment.[15] At sentencing, Defendant's trial counsel, Pride Doran ("Doran"), argued objections to the PSR's calculation of drug quantities, primarily arguing that the PSR calculated the quantities solely based on the unreliable testimony of a witness, and the Court arbitrarily "point[ed] to certain things that were presented and trial . . . without presenting other parts or things that came out during the course of this indictment."[16] Doran also argued that there was insufficient evidence to support the leadership enhancement applied to Defendant.[17]

After considering Doran's arguments, seven defense exhibits, and the testimony of three defense witnesses, the Court overruled Defendant's objections.[18] Regarding calculation of the drug quantity, the Court reasoned that the jury found the Defendant guilty, beyond a reasonable doubt, of conspiracy to traffic cocaine, and all amounts under the conspiracy are attributable to all members of the conspiracy.[19] The Court further found that thirty-five (35) kilograms of cocaine was reached through relevant conduct.[20] Specifically, the Court pointed out that trial testimony showed that Defendant and co-defendants received several multi-kilogram deliveries of cocaine.[21] As to Defendant's objection to evidence the Court selectively considered, the Court explained that it considered telephone calls regarding the purchase of cocaine, the cocaine located by DEA agents, the cocaine located at Grav's, and testimony at trial.[22] Thus, the Court found

---

[15] Rec. Doc. No. 419.
[16] Rec. Doc. No. 459, pp. 4-16.
[17] *Id.* at pp. 24-28.
[18] *Id.* at pp. 30-33.
[19] *Id.* at p. 28.
[20] *Id.*
[21] *Id.* at p. 30.
[22] *Id.* at pp. 30-31.

the information contained within the PSR reliable regarding the drug quantity reasonably attributable to the Defendant.[23]

Turning to the leadership enhancement, the Court found that, for the leadership enhancement to apply, there must be five or more participants, or otherwise extensive participation or leadership.[24] Accordingly, the Court considered the testimony of the co-defendants and found that the Defendant coordinated and directed deliveries, offered instruction, and played a leadership role in the shipment, storage, and processing of the cocaine.[25]

Finally, the Court denied Defendant's objection that his prior felony conviction in Texas was not sufficient to warrant a sentence enhancement.[26] The Court explained that, per Fifth Circuit precedent, 21 U.S.C. §841(a)(1)(b) is triggered by felony possession broadly and without conviction for intent to distribute.[27] In response, Doran objected to the Court's denial of all objections.[28]

Following sentencing, Doran timely filed a *Notice of Appeal*.[29] Doran subsequently withdrew as counsel,[30] and John Harvey Craft ("Craft") was appointed to represent the Defendant on appeal.[31] Craft raised two issues on appeal: (1) the Court's denial of Defendant's *Motion to Suppress* evidence related to the pole camera recordings lost by the Government, and (2) the Court's denial of Defendant's *Motion to Suppress* evidence from wiretaps, arguing that the Government had not made a proper showing of necessity

---

[23] *Id.* at p. 30.
[24] *Id.* at p. 31.
[25] *Id.* at p. 32.
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] Rec. Doc. Nos. 421 & 423.
[30] Rec. Doc. No. 422.
[31] Rec. Doc. No. 447.

to justify the wiretap.[32] The comprehensive appeal brief asked the Fifth Circuit to vacate Defendant's convictions and remand the case for a new trial without this evidence. The Government filed a response on May 23, 2018.[33] On December 13, 2018, the Fifth Circuit affirmed the Defendant's convictions.[34]

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on an ineffective assistance of counsel allegation, a movant must satisfy each prong of the two-part test enunciated in *Strickland v. Washington*.[35] First, the movant must establish that counsel's performance fell below an "objective standard of reasonableness."[36] This standard demands counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."[37] To satisfy the performance prong, a defendant must point to specific acts or omissions that were not the result of reasonable professional judgment, while the court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment."[38]

Further, the Supreme Court has held that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."[39] Nevertheless, the Court explained, a *Strickland* claim may still be raised based on counsel's failure to  raise a particular claim, "but it is difficult to demonstrate that counsel

---

[32] App. Rec. Doc. No. 00514426301.
[33] App. Rec. Doc. No. 00514485428.
[34] Rec. Doc. No. 485.
[35] 466 U.S. 668 (1984).
[36] *United States v. Grammas*, 376 F.3d 433, 536 (5th Cir. 2004).
[37] *Id.* (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003)).
[38] *Strickland*, 466 U.S. at 695.
[39] *Smith v. Robbins*, 528 U.S. 259, 288 (2000)(citing *Jones v. Barnes*, 463 U.S. 745 (1983)).

was incompetent."[40] Indeed, "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."[41]

Second, the movant must establish that he was prejudiced by counsel's deficient performance.[42] To satisfy the prejudice prong, the Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[43] In evaluating this prong, the Fifth Circuit Court of Appeals "consider[s] such factors as the defendant's actual sentence, the potential minimum and maximum sentence that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances."[44]

The Court may address the *Strickland* prongs in any order and need not address both prongs if the movant fails to satisfy one prong.[45]

### A. Performance

As to the first prong, Defendant contends his "[c]ounsel was deficient for failing to appeal on the basis that the trial court erred in adopting the pre-sentence investigation report's" drug quantity calculation and leadership enhancement.[46] Counsel is required to use reasonable professional judgement to "make an informed decision that certain

---

[40] *Id.*
[41] *Id.* (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).
[42] *Grammas*, 376 F.3d at 436.
[43] *Id.* (quoting *United States v. Conley*, 349 F.3d 837, 841-42 (5th Cir. 2003)).
[44] *United States v. Ward*, 2017 U.S. Dist. LEXIS 16713, *3 (E.D. La., Feb. 6, 2017)(quoting *United States v. Segler*, 37 F.3d 1131, 1136 (5thCir. 1994)).
[45] *United States v. Strickland*, 466 U.S. 668, 697 (1984).
[46] Rec. Doc. No. 506-1, p. 6.

avenues will not be fruitful."[47] "Courts are deferential to an attorney's strategic choices."[48] A "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."[49] "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."[50]

Here, Craft filed a comprehensive brief on the merits of Defendant's case, which, if successful, would have secured a reversal of Defendant's conviction. Defendant claims that Craft's performance was deficient for failing to raise objections to the PSR. Had those objections been successfully raised on appeal, the Defendant would be subject to resentencing, which may or may not have resulted in a more favorable sentence. The record shows that the objections to the PSR had been argued extensively at sentencing, and the arguments upon which the appeal was based, may have provided the most significant relief to the Defendant. Therefore, the record reflects that Craft used his professional judgment to select the legal arguments he believed most beneficial to his client. Nothing in the record suggests this strategic choice was ill chosen when compared to the strategy of raising objections to the PSR on appeal, particularly considering that the issues raised on appeal would have, in fact, suppressed the wiretapping evidence relied upon by the PSR. As such, the Defendant has failed to overcome the strong presumption that Craft rendered adequate legal counsel in appealing this matter.

---

[47] *Grammas*, 376 F.3d at 536.
[48] *Pettaway v. United States*, 2013 U.S. Dist. LEXIS, *42 (W.D. Tex., April 15, 2013).
[49] *Ramirez v. United States*, 2014 U.S. Dist. LEXIS 190491, *19 (W.D. Tex. July 17, 2014) (quoting *United States v. Holmes*, 406 F.3d 337, 360 n.36 (5th Cir. 2005)).
[50] *Smith v. Robbins*, 528 U.S. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

**B. Prejudice**

To satisfy the prejudice prong, the Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[51] The Defendant contends that "[h]ad counsel presented the issues [described in his brief], there is a reasonable probability that the Fifth Circuit would have vacated Mr. Mathes' sentence and remanded for resentencing without the erroneously inflated drug quantity and inadequately supported leadership enhancement."[52] Had appellate counsel appealed the adoption of the PSR's recommendations, the Fifth Circuit would have reviewed this Court's factual findings for clear error.[53] "There is no clear error if the district court's finding is plausible in light of the record as a whole."[54] The Defendant offers the conclusory statement that "the sentencing court clearly erred in crediting the PSR's recommendations" because they were "implausible in light of the record evidence."[55] At sentencing, the Court, as described above, noted various portions of the record upon which it based its findings. The Defendant does not offer new arguments or directly address why those findings would be implausible considering the record as a whole; rather, Defendant simply re-argues the same objections raised by Doran at the sentencing hearing. As such, the Defendant has not provided any new or additional grounds upon which his appellate counsel would have successfully had his sentence reversed for clear error.

---

[51] *Grammas,* 376 F.3d at 536 (quoting *United States v. Conley*, 349 F.3d 837, 841-42 (5th Cir. 2003)).
[52] Rec. Doc. No. 506-1, p. 22.
[53] *United States v. DeLaGarza*, 460 Fed. Appx. 406, 409 (5th Cir. 2012)(quoting *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)).
[54] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)(quoting *United States v. Juarez Duarte*, 513 F.3d 204, 209 (5th Cir. 2008)).
[55] Rec. Doc. No. 506-1, p. 22.

Further, in evaluating the prejudice prong, the Fifth Circuit considers "the potential minimum and maximum sentence that could have been received, [and] the placement of the actual sentence within the range of potential sentences."[56] Had appellate counsel succeeded in having the Court's adoption of the PSR's factual allegations reversed, the Court could have given the Defendant the same sentence, per the advisory guidelines. This, too, prevents a finding of prejudice in that Defendant fails to prove the outcome of his case would be different "but for" his counsel's alleged unprofessional error.

## III.    CONCLUSION

For the reasons set forth above, Defendant's *Motion to Expand the Record*[57] is GRANTED; however, Defendant's *Motion to Vacate under 28 U.S.C. 2255*[58] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on December 3, 2020.

_____

**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[56] *United States v. Ward*, 2017 U.S. Dist. LEXIS 16713, *3 (E.D. La., Feb. 6, 2017)(quoting *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)).
[57] Rec. Doc. No. 507.
[58] Rec. Doc. No. 506.